IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSAN FLANDER, | ) | |
|             Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-524-P |
| | ) | |
| MESQUITE POLICE DEPT., ET AL., | ) | |
|             Defendants. | ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.   BACKGROUND**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendants are the Mesquite Police Department and Officers E. Hook, Martin and Boyd.

Plaintiff argues Defendants violated her civil rights when they arrested her and charged her with two counts of family violence assault. Her assault cases are currently pending. She also claims that Defendants denied her medical care when they did not allow paramedics to examine her before she was arrested, and that $350 was taken from her when she was arrested, but the money was not returned to her when she posted bond.

**II.   SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

### 1.   Mesquite Police Department

Plaintiff names the Mesquite Police Department as a Defendant. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op.

at 2 (N.D. Tex. Jan. 2, 1995) (same). The Mesquite Police Department should therefore be dismissed.

**2.     *Heck* Bar**

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a defendant cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff argues her arrest was unlawful and that the family violence assault charges are false. These claims necessarily imply the invalidity of Plaintiff's pending charges. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**3.     Return of Property**

Plaintiff alleges Defendants took $350 from her when she was arrested and booked into jail. Plaintiff's claim is barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468 U.S. 517, 534-35, 104 S.Ct. 3194, 3204 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543, 101 S.Ct. 1908, 1917 (1981) (*overruled in part not relevant here, Daniels v. Williams,* 474 U.S. 327 (1986)). According to this doctrine, a negligent or even an intentional deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-

deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. University of Texas at San Antonio,* 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

It is well established that the Texas state judicial systems provide an adequate post-deprivation remedy for defendants whose property has been taken or destroyed improperly. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement [of an adequate post-deprivation remedy]"). Thus, the appropriate forum for Plaintiff's property loss claim lies in state court. *Thompson v. Steele,* 709 F .2d 381, 383 (5th Cir. 1983).

**4.      Medical Care**

Plaintiff claims Defendant Officers violated her civil rights when they did not allow paramedics to examine her before she was arrested. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that Defendants acted with deliberate indifference to her serious medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "[M]ere negligence, neglect or medical malpractice" do not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

In this case, Plaintiff states she "paid for medical care after her release and did incur physical damage." (Magistrate Judge's Questionnaire, Answer No. 4.) Plaintiff 's allegations

fail to show Defendants acted with deliberate indifference to a serious medical need. Plaintiff's claim should be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 claims be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 12th day of April, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).